UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY RAY RICHARDSON,

           Plaintiff,

  v.                             Case No. 16-CV-1157

WAUKESHA COUNTY SHERIFF'S DEPARTMENT
COUNTY JAIL FACILITY,
SCHNABL, LT. ACHESON,
CO MUELLER, AND CO HAAS,

           Defendants.

## SCREENING ORDER

The plaintiff, Jerry Ray Richardson, who was previously confined at the Waukesha County Jail, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights by placing him in segregation without a hearing. This matter comes before the Court on Richardson's petition to proceed without prepayment of the filing fee (*in forma pauperis*). On August 31, 2016, the court determined that he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, Richardson is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for Richardson to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint

that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v.*

3

*Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint's Allegations

On July 27, 2016, Richardson was booked into the Waukesha County Jail. He was taken directly to a restrictive housing unit and placed on "administrative segregation." Richardson was not disruptive or threatening and did not receive an incident report prior to the placement. He did not receive a due process or disciplinary hearing before being placed on administrative segregation. Richardson was in segregation twenty-four hours per day for eleven days (July 27 – August 7, 2016) without recreation or time out of his cell. He wrote to defendants Schnabl, Acheson, Haas and Mueller about the situation. They told him that he was not being punished or in a "punitive" status.

Richardson contends that his and other inmates' due process rights have been violated. He seeks $50,000 damages for the mental stress and suffering he endured for the eleven days he spent in the cell. Richardson also requests that the Court prohibit the Waukesha County Jail from using its present classification system because it uses deceptive language to justify the practices it uses to violate prisoners' rights.

Discussion

A pretrial detainee may not be punished without due process. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Due process requires that an inmate receive notice and an opportunity to be heard before being placed in segregation as a punishment for a disciplinary infraction. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted). But no process is required when a pretrial detainee is segregated to protect jail staff and other prisoners from his violent propensities. *See id.*; *Zarnes v. Rhodes*, 64 F.3d 285, 291-92 (7th Cir. 1995). Likewise, no process is required if he is placed in segregation not as punishment but for managerial reasons, for example, due to available jail space or to protect the inmate from himself. *See Higgs*, 286 F.3d at 438; *Bell*, 411 U.S. at 535-41; *Rapier v. Harris*, 172 F.3d 999, 1002-16 (7th Cir. 1999). "As long as the purpose was indeed a preventive rather than a punitive one, he would not be entitled to notice and a hearing." *Higgs*, 286 F.3d at 438 (citing *Swofford v. Mandrell*, 969 F.2d 547, 549–50 (7th Cir. 1992)).

In this case, Richardson alleges that he was told that he was placed in administrative segregation for non-punitive purpose, but it appears that he does not believe this was true. He alleges that jail officials use "deceptive" language to justify placing inmates on "administrative segregation." Construed liberally, the Court finds that Richardson's allegations that he was placed in segregation for eleven days without recreation or any opportunity to leave his cell states a due process claim. *See Higgs*, 286

5

F.3d at 438-39 (court of appeals remanded case to district court because it could not determine from the record whether the inmate had been placed in lockdown segregation for preventive purposes or as punishment).

On September 30, 2016, Richardson notified the court that he has been released from the jail and that he now resides at a street address in Milwaukee, Wisconsin. Since Richardson is no longer confined at the Waukesha County Jail, his request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (same).

As stated earlier, Richardson seeks $50,000 compensatory damages for the mental stress and suffering he endured for his eleven days in segregation. Under the Prison Litigation Reform Act, absent an accompanying physical injury, a court may not award compensatory damages for nonphysical harm. *See* 42 U.S.C. § 1997e(e) ("No Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). However, this provision does not bar the claim entirely; a plaintiff alleging no physical injuries from a constitutional violation may still seek and recover nominal or punitive damages, and injunctive relief. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011).

Richardson does not seek nominal or punitive damages and, as stated, above his request for injunctive relief is moot. Under the circumstances, the Court will allow

Richardson a period of time to amend his request for relief to pursue nominal or punitive damages. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (pleadings filed by *pro se* litigants are to be construed liberally); s*ee also Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (allowing claim for nominal damages to proceed where nominal damages not explicitly requested); *also Stewart v. Lyles*, 66 Fed. App'x 18, 21 (7th Cir. 2003).

If Richardson wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **November 2, 2016**. Failure to file an amended complaint within this time period may result in dismissal of this action. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Finally, the Court will dismiss defendant Waukesha County Sheriff's Department County Jail Facility because it is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to pay filing fee (ECF No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Waukesha County Sheriff's Department County Jail Facility is **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **November 2, 2016**, the plaintiff may file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the plaintiff shall submit the $350.00 balance of the filing fee to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin this 4th day of October, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge